**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCELINO CENTENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5233 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |
| JEANETTE AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5693 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |
| LAURA LEMKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 5897 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P., | ) ) ) | |
| Defendants. | ) | |
| CORDELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 6098 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Counsel for Plaintiffs Marcelino Centeno, Jeannette Akins, Laura Lemke, and Cordell Johnson sent letters to Defendant LVNV Funding, LLC ("LVNV"), which owns Plaintiffs' debt, indicating, among other things, that "the debt reported on the credit report is not accurate." After LVNV did not report their debt as disputed despite this notice, Plaintiffs filed individual lawsuits against LVNV and, in all cases except Johnson's, Defendant Resurgent Capital Services, L.P. ("Resurgent"), which are all now pending before this Court as related actions. Plaintiffs claim that Defendants violated § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), which prohibits the failure to communicate that a disputed debt is disputed.[1] The Court denied Defendants' motion for summary judgment, concluding that Defendants violated § 1692e(8) because Plaintiffs' letters conveyed a dispute about their debt and Defendants failed to communicate that their debt was disputed. Doc. 113. But because Defendants only moved for summary judgment on one element of Plaintiffs' FDCPA claims, the Court did not address the remaining elements or any potential defenses. *Id.* at 8. Plaintiffs have now moved for summary judgment as to the remaining elements and Defendants' affirmative defenses. Defendants concede that Plaintiffs have established all the elements of their FDCPA claims but argue that Plaintiffs do not have standing and any violation was not material. Because Seventh Circuit precedent forecloses Defendants' arguments, the Court grants Plaintiffs' motion, with the only issue remaining in this case the amount of statutory damages to which Plaintiffs are entitled.

---

[1] Plaintiffs have withdrawn their assertion of actual damages and only seek statutory damages for the alleged FDCPA violations. *See* Doc. 93 ¶ 74.

## BACKGROUND[2]

Centeno, Akins, and Lemke had Credit One credit card accounts. Johnson had an HSBC credit card account. Plaintiffs incurred debt for goods and services used for personal purposes on these accounts. They all defaulted on their accounts. Thereafter, LVNV, a collection agency licensed by the State of Illinois, acquired Plaintiffs' debt. It assigned Centeno's, Akins', and Lemke's debt to Resurgent, also an Illinois-licensed collection agency, for collection.

LVNV derives its revenue from the collection of the debts it owns. Resurgent acts as a master servicing agent for LVNV and has a limited power of attorney on LVNV's behalf for this purpose. Resurgent uses the mails and telephone to collect consumer debts originally owed to others. LVNV reports credit information for accounts it owns to credit reporting agencies, including Experian, Equifax, and TransUnion.

In 2017, counsel for Plaintiffs drafted and faxed letters on behalf of each Plaintiff to LVNV. Those letters stated, in relevant part:

> The above referenced client is represented by our firm regarding all matters in connection with the above referenced debt. Please direct any future communication regarding the account to our office. This client regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the debt reported on their credit report is not accurate. If their circumstances change, we will be in touch.

Doc. 180-2 ¶ 22.

After receiving the letters, LVNV communicated credit information regarding Plaintiffs' alleged debt to consumer reporting agencies. Resurgent and LVNV did not update credit reports to indicate a dispute for any of the Plaintiffs. Each Plaintiff acknowledges that he or she owes

---

[2] The Court derives the facts in this section from the Joint Statement of Undisputed Material Facts filed in connection with Plaintiffs' motion for summary judgment. Doc. 180-2. The Court also considers the facts Defendants present in their response to Plaintiffs' motion. The Court takes all facts in the light most favorable to Defendants, the non-movants.

the debt at issue and would pay the debt if circumstances allowed. None of them filed a dispute regarding the debt with the credit card issuers. Plaintiffs cannot identify whether the failure to report their debt as disputed impacted their credit scores or affected their ability to obtain credit.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

To establish a claim under the FDCPA, Plaintiffs must prove that (1) Defendants qualify as "debt collectors" as defined in § 1692a(6), (2) Defendants took the actions of which Plaintiffs complain "in connection with the collection of any debt," and (3) the actions violated one of the FDCPA's substantive provisions. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th

4

Cir. 2010) (citation omitted) (internal quotation marks omitted). The Court has already concluded that Plaintiffs have established a violation of § 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[3] 15 U.S.C. § 1692e(8); *see* Doc. 113 at 5–8; Doc. 138 at 2–3. Defendants did not respond to Plaintiffs' arguments regarding the remaining elements of an FDCPA claim, conceding that they qualify as "debt collectors" as defined in § 1692a(6) and took the complained-of actions against Plaintiffs in connection with the collection of a consumer debt. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Defendants also do not contest that LVNV is liable for Resurgent's violations of § 1692e(8), acknowledging that Resurgent acts as LVNV's agent.

Although Defendants concede that, in light of the Court's prior ruling, Plaintiffs have established an FDCPA claim, Defendants argue that the Court should deny Plaintiffs' motion for summary judgment because Plaintiffs lack Article III standing or, alternatively, because Plaintiffs cannot establish the materiality of the violation.[4] The Court first addresses whether Plaintiffs have standing, an issue that implicates the Court's subject matter jurisdiction.

---

[3] Defendants have not raised any arguments that would warrant the Court revisiting its finding that Plaintiffs have established a § 1692e(8) violation. Instead, in their response, Defendants state that they "respect the Court'[s] prior summary judgment ruling" but seek to incorporate their prior arguments on the issue so as not "to prejudice their right to appeal that ruling." Doc. 181 at 2. The Court again rejects Defendants' prior arguments for the reasons expressed in its May 20, 2019 Opinion on Defendants' summary judgment motion, Doc. 113 at 5–8, and its October 24, 2019 Order on Defendants' motion for reconsideration, Doc. 138 at 2–3.

[4] Defendants also ask the Court to dismiss the case for Plaintiffs' alleged failure to diligently prosecute the case pursuant to Federal Rule of Civil Procedure 41(b). This is not the first time Defendants have made this request. *See* Docs. 144, 157. The Court denied those requests. Docs. 146, 168. The Court similarly sees no basis for granting Defendants' renewed request to dismiss pursuant to Rule 41(b) instead of addressing the merits of Plaintiffs' claims. *See Holmes v. W. Side Veterans Admin. V.A. Hosp.*, No. 04 C 2287, 2007 WL 9813407, at *4 (N.D. Ill. Feb. 2, 2007) ("As a general rule, it is preferable to decide cases on the merits rather than on what are arguably technicalities.").

**I.     Article III Standing**

"Standing is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)).  Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, --- U.S. ----, 136 S. Ct. 1540, 1547 (2016).

In *Spokeo*, the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation."  *Id.* at 1549; *see also Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (no standing for "a statutory violation completely removed from any concrete harm or appreciable risk of harm").  Defendants argue that Plaintiffs do not have standing because, apart from the technical statutory violation, they did not suffer any actual damages or harm as a result of Defendants' conduct.  Initially, Plaintiffs' lack of actual damages is irrelevant; the standing inquiry considers whether a plaintiff suffered an injury in fact, not actual damages.  *See Wheeler v. Midland Funding LLC*, No. 15 C 11152, 2020 WL 1469449, at *4 (N.D. Ill. Mar. 26, 2020) ("Defendants confuse a lack of actual damages with a lack of injury.").

But Defendants also argue that Plaintiffs have not identified the concrete harm required for standing purposes after *Spokeo*, relying on several appellate court cases from this and other circuits that emphasize that a statutory violation alone does not suffice for standing purposes.  *See* Doc. 181 at 7–10 (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020); *Frank v. Autovest, LLC*, 961 F.3d 1185 (D.C. Cir. 2020); *Casillas v. Madison Ave.*

6

*Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Hagy v. Demers & Adams*, 882 F.3d 616 (6th Cir. 2018)). In *Casillas*, the Seventh Circuit case cited by Defendants, the plaintiff alleged that a debt collector's letter violated § 1692g(a) by omitting the statutorily required notice that a consumer must dispute a debt in writing. 926 F.3d at 332. Because the plaintiff never considered responding to the debt collector's letter in any manner, the Seventh Circuit concluded that she had not suffered an injury in fact because "[a]ny risk of harm was entirely counterfactual: she was not at any risk of losing her statutory rights because there was no prospect that she would have tried to exercise them." *Id.* at 334. Defendants argue that *Casillas* demonstrates that Plaintiffs also have raised only a hypothetical risk of harm that does not confer them with standing. But Defendants fail to acknowledge that, in *Evans v. Portfolio Recovery Associates, LLC*, the Seventh Circuit concluded that an alleged violation of § 1692e(8) creates a concrete risk of financial harm sufficient to confer Article III standing. 889 F.3d 337, 345–46 (7th Cir. 2018). Specifically, the *Evans* court reasoned that "[a]n inaccurate credit report produces a variety of negative effects" and can serve as "a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers." *Id.* at 345 (citations omitted). *Evans* controls the standing inquiry in this case, and the Court does not read *Casillas*, although decided after *Evans*, to require a different result, particularly where the alleged FDCPA violations in the two cases differ.[5]

---

[5] In *Gomez v. Cavalry Portfolio Services, LLC*, the Seventh Circuit recently questioned but did not decide whether a plaintiff asserting a violation of § 1692e has standing in light of *Spokeo* and *Casillas*. 962 F.3d 963, 966 (7th Cir. 2020). But until the Seventh Circuit reconsiders its conclusion in *Evans*, the Court must follow it. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of [the Seventh Circuit]

7

Nonetheless, Defendants do argue that, at the summary judgment stage, no evidence exists to support a finding of concrete financial harm, pointing to Plaintiffs' deposition testimony that they could not identify any impact Defendants' failure to report their debt as disputed had on their credit scores or ability to obtain credit. Defendants also argue that Plaintiffs have not retained an expert to testify to any such financial harm. But Plaintiffs need not prove that their credit scores were lowered or that the violation actually impacted their ability to obtain credit; following *Evans*, the *risk* of harm suffices, meaning that "the statutory violation alone is enough to establish standing, even at the summary judgment phase." *Francisco v. Midland Funding, LLC*, No. 17 C 6872, 2019 WL 498936, at *3 (N.D. Ill. Feb. 8, 2019); *see also Webster v. Receivables Performance Mgmt., LLC*, --- F. Supp. 3d ----, 2020 WL 4192896, at *3–4 (S.D. Ind. July 21, 2020) (relying on *Evans* to reject the defendant's arguments at summary judgment that the plaintiff did not have standing because she did not provide evidence that the failure to report her debt as disputed resulted in a lower credit score and she did not designate an expert witness on the topic). Therefore, the Court finds that Defendants' failure to report Plaintiffs' debt as disputed caused Plaintiffs the concrete harm required for Article III standing.

**II.     Materiality**

Alternatively, Defendants argue that Plaintiffs cannot recover on their claims because Defendants' failure to report their debt as disputed was not material. *See Evans*, 889 F.3d at 349 ("Generally, § 1692e only protects against false statements that are material."). As Defendants must acknowledge, however, the *Evans* court directly addressed the application of the materiality requirement to § 1692e(8), holding that "the failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor, as this information will

---

whether or not they agree." (citations omitted)). And, given the binding Seventh Circuit precedent, the Court need not address the out-of-circuit cases that Defendants cite.

8

be used to determine the debtor's credit score." *Id.* at 349. While Defendants argue that the specific facts of this case do not support a finding of materiality, *Evans* makes clear that a violation of § 1692e(8) is *always* material, regardless of the factual scenario. *Id.* To the extent Defendants take issue with *Evans*' holding, they can raise the issue on appeal. *See Reiser*, 380 F.3d at 1029.

Therefore, the Court finds it appropriate to grant summary judgment for Plaintiffs on their FDCPA claims and Defendants' affirmative defenses.[6] Although the Court finds that Plaintiffs have established an FDCPA violation and that Defendants cannot rely on any affirmative defenses to avoid liability, this does not end the case. "[Section] 1692k(a)(2) of the FDCPA provides for trial by jury in determining statutory additional damages[.]" *Kobs v. Arrow Serv. Bureau*, 134 F.3d 893, 898 (7th Cir. 1998). The parties do not address statutory damages in their briefing, and Plaintiffs have made a jury demand. Therefore, absent an agreement by the parties, the damages question must be submitted to a jury.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for summary judgment [180]. The Court enters judgment for Plaintiffs on their FDCPA claims and Defendants' affirmative defenses. The appropriate measure of statutory damages for each Plaintiff remains pending.

Dated: December 10, 2020

SARA L. ELLIS
United States District Judge

---

[6] Defendants asserted additional affirmative defenses in their answer, but only focus on standing and materiality in response to Plaintiffs' motion, which seeks summary judgment as to all of Defendants' affirmative defenses. The Court treats Defendants' failure to address the remaining affirmative defenses as a concession that they fail. *See Bonte*, 624 F.3d at 466.